UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| WAIPIO OHANA CORPORATION,<br><br>        Plaintiff,<br><br>    vs.<br><br>MITCHELL D. ROTH, IN HIS CAPACITY AS MAYOR OF THE COUNTY OF HAWAII; STEVE PAUSE, IN HIS CAPACITY AS DIRECTOR, COUNTY OF HAWAII, DEPARTMENT OF PUBLIC WORKS, COUNTY OF HAWAII;  COUNTY OF HAWAII,  DOES 1-10,<br><br>        Defendants. | CIV. NO. 23-00109 LEK-RT |

**ORDER REMANDING CASE TO STATE COURT**

This action was removed from the State of Hawai`i, Third Circuit Court ("state court") to this district court on February 27, 2023. [Notice of Removal, filed 2/27/23 (dkt. no. 1).] The operative pleading at the time of removal was Plaintiff Waipio Ohana Corporation doing business as Waipio Valley Shuttle's ("Plaintiff") Amended Complaint, which was filed on February 16, 2023 in state court. [Id., Decl. of Steven K. Idemoto, Exh. B (Amended Complaint).] On March 16, 2023, Defendants Mitchell D. Roth, in his capacity as the Mayor of the County of Hawai`i, Steve Pause, in his capacity as the Director of the County of Hawai`i Department of Public Works, and County of Hawai`i (collectively "Defendants") filed their

Amended Motion to Dismiss Amended Complaint Filed February 16, 2023 ("Amended Motion"). [Dkt. no. 8.]

On April 17, 2023, an entering order was issued informing the parties of the Court's inclination to remand the instant case to state court and directing the parties to file briefing regarding the Court's inclination ("4/17 EO"). [Dkt. no. 15.] The parties submitted their additional briefing on May 1, 2023. [Dkt. nos. 16 (Defendants' brief), 17 (Plaintiff's brief).] On May 3, 2023, another entering order was issued declining to remand the case to state court but granting in part and denying in part the Amended Motion to the extent that the Amended Complaint was dismissed without prejudice and granting Plaintiff leave to file a second amended complaint ("5/3 EO"). See 5/3 EO, filed 5/3/23 (dkt. no. 18). Plaintiff's deadline to file its second amended complaint was June 2, 2023. See id. at PageID.370. Plaintiff filed its Second Amended Complaint on June 5, 2023, [dkt. no. 20,] and it did not seek leave from the Court to file the Second Amended Complaint after the deadline. As such, the Second Amended Complaint was untimely filed. But, out of an abundance of caution, the Court will permit the late filing and consider the Second Amended Complaint, insofar as it reviews sua sponte whether it has subject matter jurisdiction over the instant case. See HayDay Farms, Inc. v. FeeDx Holdings, Inc., 55 F.4th 1232, 1238 (9th Cir. 2022) ("It is the

2

duty of federal courts to assure themselves that their jurisdiction is not being exceeded.  Lack of subject matter jurisdiction can be . . . raised by a court sua sponte." (quotation marks and citations omitted)).

The Notice of Removal stated removal was proper because the Amended Complaint raised a federal question.  See Notice of Removal at ¶ 2.  The Second Amended Complaint, however, does not raise a federal question.  Plaintiff's only cause of action is a takings clause claim under the Hawai`i Constitution.  See Second Amended Complaint at ¶¶ 47-54.  Plaintiff solely relies on Hawai`i constitutional law in support of its claim.  See, e.g., id. at ¶¶ 49, 51.  Because Plaintiff's only claim is brought under the Hawai`i Constitution, there is not a federal question presented.  Cf. DW Aina Le`a Dev., LLC v. State Land Use Comm'n, 148 Hawai`i 396, 403, 477 P.3d 836, 843 (2020) ("the Takings Clause of the Hawai`i Constitution . . . enabl[es] suits based on the provision itself . . . ."). Accordingly, this Court lacks subject matter jurisdiction and remand to state court is required.  See Polo v. Innoventions Int'l, LLC, 833 F.3d 1193, 1196 (9th Cir. 2016) ("In an ordinary removal case, '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded.'" (alteration and emphasis in Polo) (quoting 28 U.S.C. § 1447(c))).

3

**CONCLUSION**

On the basis of the foregoing, the instant case is REMANDED to state court.  The Clerk's Office is DIRECTED to effectuate the remand and close the instant case immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 7, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**WAIPIO OHANA CORPORATION VS. MITCHELL D. ROTH, ETC., ET AL; CV 23-00109 LEK-RT; ORDER REMANDING CASE TO STATE COURT**